## MARY N. LADD vs. MARIETT INGHAM.

Where Defendant, after verdict, obtained an order staying proceedings for the purpose of making a case, and the Plaintiff thereafter obtained a modification of the order, permitting him to docket judgment and file a transcript—which he did, without serving Defendant's attorney with a copy or notice of the modification of the order; and Defendant moved to set aside the judgment on that ground: *held*, that it was not necessary to serve or give notice of the modification of the order, to make the Plaintiff's proceedings valid, especially as Defendant's counsel was present when application was made for the modification, although ignorant of the granting it.

In all such cases notice of such orders should be given, to avoid the expense of motions; and in an *ordinary case*, it seems, that costs would be granted against the party not giving it, although the motion should be denied.

*September Special Term,* 1847. *Monroe county.—Motion to set aside judgment for irregularity.*—This cause, which was an action of slander, was tried at the Orleans circuit on the first Monday of February, 1846, and a verdict rendered for the Plaintiff for $3,000. The next day after the verdict was rendered, Judge Dayton, who presided at the trial, granted an order on the application of the Defendant's attorney allowing him sixty days to prepare and serve a case or bill of exceptions, and in the mean time staying all proceedings in the cause on the part of the Plaintiff.

On the 4th day of April next thereafter, a case was served on the Plaintiff's attorney, together with another order of Judge Dayton further staying the proceedings on the part of the Plaintiff until the case should be settled, and until the final determination of the court thereon. The case has since been settled by the judge, but not brought to argument.

On the 26th day of February, 1846, Judge Dayton made an order on the application of the Plaintiff's counsel, modifying the first mentioned order so far as to permit the Plaintiff to perfect judgment on the verdict, and to file transcripts of such judgment, but without issuing execution thereon.

This order was never served upon the Defendant's attorney, and the Plaintiff perfected judgment on her verdict by filing the record and docketing the judgment in the supreme court clerk's office on the 13th of March, 1846, and in the clerk's office of the county of Genesee, on the 20th of the same month. The Defendant's counsel now moves to set aside the record of the judgment and the docketing thereof for irregularity, as being in violation of the orders of the judge staying the Plaintiff's proceedings; and claims that the order made on the 26th of February, 1846, on the Plaintiff's application, was not operative, because it was not served on the Defendant's attorney. The affidavit of the Plaintiff's counsel states that at the time he applied for the order, the Defendant's counsel was present and was apprised of the application, and was heard by the circuit judge in opposition to such application, and that the judge did thereupon or very shortly after, make the order. But it does not appear by any of the papers that the Defendant, her attorney or counsel, ever knew of the order being granted until the fact is shown on this motion; and it appears that the Defendant did not know of the judgment being perfected against her until in May last, and too late to move at the June special term of the late supreme court.

J. B. SKINNER, *for the motion.*

J. H. MARTINDALE, *opposed.*

WELLES, Justice.—The Plaintiff had a right, immediately upon obtaining the modifying order of the judge, to perfect the judgment, and it was not necessary in order to give it validity to serve it on the Defendant's attorney. The order did not require anything of the Defendant, nor was it designed to prevent her from doing anything or taking any step in the cause which could have been done or taken without it. It merely allowed the Plaintiff to do certain things which he was not otherwise at liberty to do, to wit: to perfect his judgment by filing the record and docketing the judgment in the supreme court and in the county clerk's office; but to do nothing more.

But it may be said, and was urged on the argument, that by such a course the Defendant was taken by surprise, and has made this motion with good reason to believe that the Plaintiff was irregular in her proceedings. I think the Plaintiff should have given notice of the order, and in all such cases it should be done, to avoid leading a Plaintiff into the expense of a motion of this kind; and ordinarily I would require the Plaintiff to pay the Defendant's costs of the motion, where such notice was not given. But in this case the Defendant's counsel was present when application was made to the judge for the order, and was heard in opposition to it; and when it was ascertained by the Defendant that the judgment had been docketed against her, enough had come to the knowledge of her counsel to put him upon the inquiry as to whether the judge had granted the order.

Upon the whole, as both parties appear to be to some extent in fault, I shall deny the motion without costs to either.